14-3400, 14-4585
United States v. Basciano

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         REENA RAGGI,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                        14-3400,
                                                     14-4585

VINCENT BASCIANO, JR.,
         Defendant-Appellant,

SALVATORE LARCA, AKA SEALED DEFENDANT 1, AKA SAL LARCA, MATTHEW STROCK, THOMAS DONAHUE, AKA TRE, AKA ROY DWYER, ANTHONY ZOCCOLILLO, JR., GEORGE KOKENYEI, JOSEPH BASCIANO, ELON VALENTINE, AKA HIT, DOMINICK DELUCCIA, KENNETH OWEN, STEPHEN BASCIANO, MITCH ENGLESON,

**Defendants.**[*]

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          PAUL CAMARENA, North & Sedgwick, Chicago, Illinois.

**FOR APPELLEE:**           REBECCA MERMELSTEIN (with Adam S. Hickey on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Vincent Basciano, Jr., appeals from a judgment of conviction and sentence of the United States District Court for the Southern District of New York (Sullivan, J.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Basciano contends that the district court erred in calculating forfeiture based on his marijuana sales. If the defendant preserves an objection, this Court reviews a district court's factual findings regarding forfeiture for clear error and its legal determinations, if any, de novo. United States v. George, 779 F.3d 113, 122 (2d Cir. 2015). Since Basciano did not object to the district court's methodology, we review the forfeiture determination only for plain error. United States v. Roberts, 660 F.3d 149, 167 (2d Cir. 2011).

The Government bears the burden of proving the amount of proceeds by a preponderance of the evidence. United States v. Capoccia, 503 F.3d 103, 116 & n.18 (2d Cir. 2007). "The calculation of forfeiture amounts is not an exact

---

[*]    The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

science," <u>United States v. Treacy</u>, 639 F.3d 32, 48 (2d Cir. 2011), so "district courts may use general points of reference as a starting point for a forfeiture calculation and make reasonable extrapolations supported by a preponderance of the evidence," <u>Roberts</u>, 660 F.3d at 166 (internal quotation marks omitted).  Thus, in a narcotics case, the government may sustain its burden by "proving the quantity of [narcotics] dealt . . . multiplied by the price it could have commanded."  <u>Id.</u> at 165.

Basciano's plea agreement stipulated to his sale of at least 100 kilograms (or 220 pounds) of marijuana.  The district court proposed to use that quantity, and no party objected.  The district court then multiplied that quantity by the retail price of $9,700 per pound.  Recognizing the result was only an estimate, the district court rounded down by $134,000 and ordered forfeiture of $2,000,000.

This calculation was "a reasonable estimate of the loss, given the available information."  <u>Treacy</u>, 639 F.3d at 48 (internal quotation marks omitted).  Multiplication of amount by price is an approach expressly permitted in our prior precedent.  <u>See</u> <u>Roberts</u>, 660 F.3d 165.  Because the district court's estimate was reasonable, we affirm the amount of the forfeiture order.

For the foregoing reasons, and finding no merit in the defendant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
